UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

---

STEVEN LIMEHOUSE,

        Petitioner,

        v.                                                 Case No. 09-C-0071

MICHAEL THURMER,

        Respondent.

---

ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT (DOC. 83)

Previously, the court dismissed Steven Limehouse's petition for writ of habeas corpus and declined to issue a certificate of appealability. Limehouse moves under Fed. R. Civ. P. 59(e) to alter or amend the judgment. In addition, he seeks the court's reconsideration regarding the denial of a certificate of appealability.

The only grounds for a Rule 59(e) motion are newly discovered evidence, an intervening change in the controlling law, or a "manifest error of law" by the court. *Cosgrove v. Bartolotta*, 150 F.3d 729, 732 (7th Cir. 1998). The rule enables a district court to correct its own errors and avoid unnecessary appellate procedures. *Divane v. Krull Elec. Co.*, 194 F.3d 845, 848 (7th Cir. 1999) Here, Limehouse argues that the court committed legal error.

In denying Limehouse's habeas petition, the court concluded that he procedurally defaulted in two ways. First, he failed to present his federal due process or equal protection claims to the state courts. Second, the state court relied on Limehouse's procedural error under state law when declining to address his argument.

In his Rule 59(e) motion Limehouse does not expressly challenge this court's findings regarding default (though some of his arguments circle back to the issue). Instead, he contends that this court erred when it determined that there was no cause to avoid those defaults. (*See* Doc. 83 at 2.) However, as noted below, his arguments are unpersuasive.

As to the first default, Limehouse contends that during his collateral proceedings under Wis. Stat. § 974.06 he presented to the Wisconsin Court of Appeals an argument that the showup identification at the scene of his arrest violated the rule of *State v. Dubose*, 2005 WI 126, 285 Wis. 2d 143, 699 N.W.2d 582, and tainted the in-court identification in his criminal case. According to Limehouse, "[i]t is well-established that a claim involving a showup identification implicates due process." Thus, Limehouse appears to contend that the reason for his failure to mention due process under federal law is that a due process argument should have been understood.

The court rejects Limehouse's argument. That many challenges to showup identification of defendants by witnesses implicate federal due process rights does not mean that Limehouse's challenge did. *Dubose* is not a federal due process clause case. Instead, the Supreme Court of Wisconsin based its conclusion—that evidence from a showup identification is inherently suggestive and is not admissible unless the procedure was necessary and steps were taken to minimize suggestiveness—on the due process clause of the Wisconsin constitution. 2005 WI 126, ¶¶ 39-44; *see id.* ¶ 41 ("Even though the Due Process Clause of Article I, Section 8 of the Wisconsin Constitution uses language that is somewhat similar, but not identical to the Due Process Clause of the Fourteenth Amendment to the United States Constitution, we retain the right to interpret our

constitution to provide greater protections than its federal counterpart."). The state supreme court's interpretation of the state constitution does not automatically translate into a holding based in federal law as well.

Next, this court found that Limehouse's habeas claim was barred because the Wisconsin Court of Appeals invoked the rule of *State v. Escalona-Naranjo*, 185 Wis. 2d 168, 181 (1994), when denying his § 974.06 motion. *Escalona-Naranjo* held that state statutory language bars a § 974.06 movant from pursuing constitutional claims that could have been raised on direct appeal or in earlier postconviction motions absent a sufficient reason for not raising the claims earlier. 185 Wis. 2d at 173, 185. According to the Supreme Court of Wisconsin, the statutory provision was designed to prevent a defendant from raising some, but not all, constitutional issues on appeal and strategically waiting to raise other constitutional issues in collateral proceedings. *Id.* at 185. He must raise all of them as part of the original proceedings unless he had a sufficient reason not to. *See id.* at 185-86.

In rejecting the § 974.06 motion, the Wisconsin Court of Appeals held that Limehouse could and should have alerted the state appellate courts on direct appeal regarding the applicability of *Dubose* to his case and that Limehouse presented no sufficient reason for failing to do so. That briefing was complete and Limehouse failed to realize the effect of *Dubose* on his case were not sufficient reasons to avoid the procedural bar of *Escalona-Naranjo*. According to the Wisconsin Court of Appeals, Limehouse could have asked for supplemental briefing or otherwise alerted the court that *Dubose* might apply, and could have raised *Dubose* in his petition for review by the Supreme Court of Wisconsin.

3

Limehouse argues that he could not have foreseen the effect of *Dubose* on his case and that he thereby establishes "cause" for his failure to mention its applicability. (*See* Doc. 83 at 4 (quoting *Escalona-Naranjo*, 185 Wis. 2d at 182 n.11, for the statement that "'since the effect of subsequent law was not foreseen at the time of the appeal, a "sufficient reason" existed as to why certain issues were not raised in the earlier motion'").) However, *Dubose* did not issue *subsequent* to Limehouse's direct appeal. It issued *during* his direct appeal. The Wisconsin Court of Appeals indicated that under state procedure Limehouse could have raised application of *Dubose* during his direct appeal even though briefing was complete; but he did not. Similar to the lack of a "sufficient reason," no "cause" for that failure exists. That Limehouse did not realize that *Dubose* had issued or that it affected his case does not constitute "cause."

Limehouse contends that this court need not respect the state court's finding that the *Escalona-Naranjo* bar applies because the state courts have applied the bar inconsistently in similar cases. "State court decisions are not adequate to bar federal habeas review unless they rest upon firmly established and regularly followed state practice." *Page v. Frank*, 343 F.3d 901, 909 (7th Cir. 2003) (internal quotation marks omitted). "[T]he state rule of practice must have been in place, and enforced by the time as of which it is to be applied." *Liegakos v. Cooke*, 106 F.3d 1381, 1385 (7th Cir. 1997) (internal quotation marks omitted). A rule of state procedure is not adequate to prevent federal habeas review if the defendant could not be considered apprised of its existence at the time he made the misstep. *Id.*

According to Limehouse, the Wisconsin Court of Appeals had never before specifically addressed the issue of whether a defendant whose case was pending on

4

appeal when a new rule of law was announced was barred from raising the issue in a § 974.06 proceeding. Nevertheless, nothing suggests that the state courts do not regularly apply *Escalona-Naranjo*. Prior application to a case exactly like Limehouse's is not required. Since *Escalona-Naranjo* was decided in 1994, Wisconsin courts have frequently applied its procedural rule such that application in Limehouse's case was not a departure from ordinary practice.

Limehouse likens his case to others in which the defendant was deemed to have a "sufficient reason" for not bringing his § 974.06 claims earlier and the state courts considered the claims; he contends that the state courts are not treating him consistently with those cases. But Limehouse's case differs from those he cites. In *State v. Klimas*, 94 Wis. 2d 288 (Ct. App. 1979), referenced in the *Escalona-Naranjo* decision, the Supreme Court of Wisconsin decision on which Klimas based his § 974.06 motion had not issued at the time of Klimas's direct appeal. *See Escalona-Naranjo*, 185 Wis. 2d at 182 n.11. In *State v. Walker*, No. 2007AP1021, 2008 WI App 135, 2008 WL 2885689, at *1 (July 29, 2008), the court found that Walker had sufficient reason for not bringing his § 974.06 *Dubose* claim on appeal or in his first § 974.06 motion, because *Dubose* was decided years after the conclusion of those proceedings.[1] The defendant in *State v. Howard*, 199 Wis. 2d 454 (Ct. App. 1996), *aff'd*, 211 Wis. 2d 269 (1997), *overruled on other grounds by State v. Gordon*, 262 Wis. 2d 380 (2003), avoided the *Escalona-Naranjo* bar because his claim was based on a Supreme Court of Wisconsin case that issued three years after his appeal concluded. *See* 199 Wis. 2d at 457 n.1, 462. Though the Supreme Court of

---

[1] Walker won the battle of overcoming *Escalona-Naranjo* but lost the war of *Dubose*'s application. The Wisconsin Court of Appeals held that *Dubose* did not apply retroactively to Walker's case. 2008 WL 2885689 at *1-*2.

5

Wisconsin stated in a broad fashion that a "sufficient reason" existed because "Howard could not have foreseen the effect of the *Peete* decision at the time of his original appeal," 211 Wis. 2d at 272, and "Howard was not aware of the nexus requirement at the time of his earlier postconviction motions and appeal," *id.* at 287-88, the actual facts were that Howard's direct appeal had ended before the *Peete*[2] decision issued, *id.* at 282 & n.8. Thus, the broader language does not help Limehouse.

Finally, Limehouse points to a footnote in *State v. Xiong*, No. 2005AP1088, 2006 WI App 78, 2006 WL 618808, at *1 n.2 (Mar. 14, 2006), stating that because a Supreme Court of Wisconsin case was decided before Xiong's direct case was complete, its holding would be applicable in the sec 974.06 proceeding. In the denial of Limehouse's habeas petition, this court found *Xiong* unpersuasive because it was an unpublished case and said that the "lone, unpersuasive footnote does not establish that the application and interpretation of *Escalona-Naranjo* in Limehouse's case was incorrect." (Doc. 81 at 14.) Further, *Xiong* is otherwise distinguishable. Xiong argued that ineffective assistance of counsel, not his personal ignorance of the applicable supreme court case, constituted his sufficient reason for not raising his argument on direct appeal. 2006 WL 618808 at *2. Further, the Wisconsin Court of Appeals indicated that Xiong's motion, although labeled as one under Wis. Stat. § 974.06, was actually one seeking to withdraw his plea under a different statute and was permissible as such. *Id.*

This court finds no legal error in its conclusion that Limehouse procedurally defaulted his *Dubose* claim and did not establish cause for the default. And, importantly,

---

[2]*State v. Peete*, 185 Wis. 2d 4 (1994).

Limehouse's petition still fails to set forth an issue under federal constitutional law. *Dubose*, which Limehouse wants the state to apply to his case, was decided under state constitutional law. *Dubose*, 2005 WI 126, ¶¶ 39-44. Wisconsin courts decided that Limehouse did not raise his state-law claim at the time and place required under state law. No matter how unfair Limehouse believes that is, no *federal* constitutional issue exists.

Further, the court sees no error in declining to issue a certificate of appealability. This court believes that no reasonable jurists would disagree regarding the conclusion that Limehouse procedurally defaulted on his claim and failed to establish cause. Further, no reasonable jurists would disagree that, substantively, Limehouse's claim is one of state law. Therefore,

IT IS ORDERED that Limehouse's motion to alter or amend judgment (Doc. 83) is denied.

Dated at Milwaukee, Wisconsin, this 26th day of December, 2012.

BY THE COURT

/s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
U. S. DISTRICT JUDGE